Chen v. Sessions

BIA
Zagzoug, IJ
A201 291 074

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand eighteen.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> PETER W. HALL,
>> *Circuit Judges.*

_____

XIAN JING CHEN,
> *Petitioner,*

v.

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

No. 16-293
NAC

| | |
|---|---|
| FOR PETITIONER: | Zhou Wang, Law Office of Zhou Wang, New York, New York. |
| FOR RESPONDENT: | Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Dana M. Camilleri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xian Jing Chen, a native and citizen of the People's Republic of China, seeks review of the BIA's January 5, 2016 affirmance of an Immigration Judge's ("IJ's") denial of Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Xian Jing Chen,* No. A201 291 074 (B.I.A. Jan. 5, 2016), *aff'g* No. A201 291 074 (Immig. Ct. N.Y.C. Apr. 24, 2014). Under the circumstances of this case, we review both the IJ's and the BIA's decisions with respect to the adverse credibility determination, *see Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005), applying well established standards of review, *see* 8 U.S.C. § 1252(b)(4); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). In so doing, we assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to deny the petition.

The governing REAL ID Act standard provides that the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on "the demeanor, candor, or responsiveness of the applicant or witness," the "internal consistency" of his statements, and the "consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *accord Xiu Xia Lin v. Mukasey*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167.

Here, the totality of the circumstances supports the adverse credibility determination. The record contains multiple inconsistencies regarding who introduced Chen to Christianity, whether and when Chen was arrested, the circumstances under which he began practicing Christianity in the United States, and how often he did so. Nonetheless, Chen contends that the date inconsistencies are minor. The argument does not persuade.

*First*, the date inconsistencies relate to the heart of his claim: his practice of Christianity and his arrest. These inconsistencies alone are sufficient support for the adverse credibility determination. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("So a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

*Second*, given the number of inconsistencies, even if they related to matters collateral or ancillary to the claim, they still would provide substantial support for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." (emphasis in original) (internal quotation marks omitted)); *see also Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (emphasizing that "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, . . . the cumulative effect may nevertheless be deemed consequential by

4

the fact-finder" (internal quotation marks and citations omitted)).

Third, the adverse credibility determination is bolstered by the agency's demeanor and corroboration findings, which Chen does not challenge. See Li Hua Lin v. U.S. Dep't of Justice, 453 F.3d 99, 109 (2d Cir. 2006) (holding that courts give "particular deference" to "adjudicator's observation of the applicant's demeanor" (internal quotation marks omitted)); Biao Yang v. Gonzales, 496 F.3d 268, 273 (2d Cir. 2007) (holding that "applicant's failure to corroborate . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"); Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir. 2008) (holding that failure to challenge demeanor and corroboration findings constitutes waiver and that such findings could alone support adverse credibility determination).

Given multiple inconsistencies in Chen's testimony and the unchallenged demeanor and corroboration findings, the totality of the circumstances supports the agency's adverse credibility determination. See 8 U.S.C. § 1158(b)(1)(B)(iii); Xiu Xia Lin v. Mukasey, 534 F.3d at 167.

5

Because Chen's claims for asylum, withholding of removal, and CAT relief are all based on the same factual predicate, the adverse credibility determination is dispositive of all relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).[1]

    For the foregoing reasons, the petition for review is DENIED.

                FOR THE COURT:
                Catherine O'Hagan Wolfe, Clerk of Court

---

[1] All forms of relief relied on credibility, so we need not rely on the BIA's ruling that Chen waived withholding of removal and CAT relief.